**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4798
_____

JOSEPH COBBS,
                              Appellant

v.

AMELIA CAPUTO, Administrator;
PRIME CARE MEDICAL INC; NURSE CAROLINE LITTLE;
THERESA, (N.A)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-04135)
District Judge:  Honorable Harvey Bartle III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: October 9, 2014)
_____

OPINION
_____

PER CURIAM

Pro se litigant Joseph Cobbs, proceeding in forma pauperis, appeals the District Court's order granting the motion to dismiss his complaint. For the reasons set forth below, we will affirm the District Court's judgment.

Joseph Cobbs is incarcerated at Northampton County Prison in Easton, Pennsylvania.[1] On March 5, 2012, he was involved in an altercation at the prison and his left ring finger was injured. He was taken to the medical unit, where Nurse Caroline Little examined him. Cobbs told Nurse Little that he thought his finger was broken. Nurse Little opined that it was not, issued him a temporary splint, and dismissed him.

Cobbs's finger continued to hurt. He submitted several sick call request slips, followed by several medical grievances. He claims they were ignored. Some period of weeks after the injury, Cobbs's finger was x-rayed, which confirmed it was broken. This diagnosis led to further x-rays at St. Luke's Hospital, where Cobbs ultimately underwent surgery on May 15, 2012, to correct the condition.

On July 15, 2013, Cobbs filed suit in the Eastern District of Pennsylvania, claiming a violation of his Eighth Amendment right against cruel and unusual punishment under 42 U.S.C. § 1983. He named as defendants Health Care Administrator Amelia Caputo; Prime Care Medical, Inc.; Nurse Caroline Little; and Nurse's Aide

---

[1] Cobbs has submitted a number of exhibits that are attached to his appellate brief. Because this case was decided at the motion-to-dismiss level, a level that focuses entirely on the sufficiency of the complaint alone, we do not consider these extraneous documents and recite facts gleaned solely from the amended complaint and the exhibits attached thereto. See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192,

Theresa (Nagle). Sua sponte, the District Court dismissed Prime Care Medical, Inc. as a party without prejudice, giving Cobbs leave to amend his complaint to claim that Prime Care's policy or custom caused an alleged Eighth Amendment violation. Cobbs did not do so, and consequently his claims against Prime Care Medical remain dismissed.

The other defendants filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District Court determined that Cobbs's complaint was no more than an allegation of malpractice. Because an allegation of malpractice is insufficient to state an Eighth Amendment claim, see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976), the District Court granted the motion to dismiss the complaint.[2] Cobbs filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

The District Court was correct to dismiss Cobbs's complaint against Prime Care Medical, Inc. In this context, Prime Care Medical can be liable under § 1983 only if its policy or custom violates a constitutional right. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Cobbs's claim against Prime Care is wholly based on a theory of respondeat superior. And despite the District Court's express invitation to do so, he did not amend his complaint to allege that it was Prime

_____

1196 (3d Cir. 1993).

[2] In our order dated May 15, 2014, we directed Cobbs to discuss whether the District Court should have granted him leave to amend his complaint, pursuant to Grayson v.

Care's policy or custom to violate prisoners' Eighth Amendment rights in this way. His claim against Prime Care thus fails at the outset as a matter of law.

Nor did the District Court err in granting the remaining defendants' motion to dismiss. To state an Eighth Amendment claim, a prisoner-plaintiff must plead facts that demonstrate "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. As the District Court correctly observed, negligence and malpractice do not constitute Eighth Amendment violations. See id. at 105-06. Mere disagreement over the proper course of treatment is likewise insufficient. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Here, Cobbs contends that his finger should have been x-rayed earlier than it was, and argues that the delay in x-raying it constitutes deliberate indifference to a serious medical need. But the United States Supreme Court has made clear that it does not: "[a] medical decision not to order an X-ray . . . does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." Estelle, 429 U.S. at 107. Because malpractice does not constitute an Eighth Amendment violation, Cobbs's complaint fails to state a constitutional claim.

Accordingly, we will affirm the District Court's order granting the motion to dismiss.

---

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). He failed to do so.

4